UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEROME CREIGHTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:19-cv-00585-JPH-MJD |
| ) | |
| T. WATSON, ) | |
| ) | |
| Respondent. ) | |

**Order Dismissing Action and Directing Entry of Final Judgment**

Petitioner Jerome Creighton seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). After carefully reviewing the petition in the present case, the Court concludes that the petitioner is not entitled to relief. Accordingly, the petition must be **denied**.

# I.
# Background

Mr. Creighton was indicted and found guilty by a jury in the United States District Court for the Western District of Missouri of one count of murder in violation of 18 U.S.C. § 1111 (Count 1), one count of robbery in violation of 18 U.S.C. § 2111 (Count 2), one count of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) and (j) (Count 3), and one count of conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371 (Count 4). *United States v. Creighton*, No. 6:02-cr-03110-MDH-2 (hereinafter "Crim. Dkt."), dkt. 263. He was sentenced to a term of life imprisonment on Count 1, 180 months' imprisonment on Count 2, and 60 months' imprisonment on Count 4, all to run concurrently. *Id.* He received a consecutive sentence of life imprisonment on Count 3. *Id.*

Mr. Creighton appealed his conviction, but the Sixth Circuit affirmed the district court's judgment. *United States v. Boone*, 437 F.3d 829 (8th Cir. 2006).

On February 7, 2007, Mr. Creighton filed a motion for relief pursuant to 28 U.S.C. § 2255 in the district court of conviction. Crim. Dkt. 300. The court denied Mr. Creighton's motion. *Creighton v. United States*, No. 6:07-cv-03061-MDH, dkt. 19.

Mr. Creighton filed two additional motions for relief in his criminal case. Crim. Dkt. 310; Crim. Dkt. 311. In one of these motions, he argued that the indictment underlying his convictions and sentences should be dismissed for a lack of subject matter jurisdiction. Crim. Dkt. 311. The district court denied these motions as successive § 2255 motions. Crim. Dkt. 319; *see also* Crim. Dkt. 316; Crim. Dkt. 317. The Court of Appeals for the Eighth Circuit affirmed. *United States v. Creighton*, No. 15-1283 (8th Cir. Apr. 29, 2015). The Supreme Court denied Mr. Creighton's petition for a writ of certiorari. *Creighton v. United States*, 136 S.Ct. 378 (2015).

Mr. Creighton filed a motion under Federal Rule of Civil Procedure 60(b) on July 23, 2018, again arguing that the district court lacked subject matter jurisdiction. Crim. Dkt. 333. The court denied the motion on September 4, 2018. Crim. Dkt. 336.

Undeterred, Mr. Creighton has now filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court.

## II.
## Discussion

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Rule 4 of the *Rules Governing § 2254 Cases in the United States District Courts* (applicable to § 2241 petitions pursuant to Rule 1(b)) requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances, however, a prisoner may employ Section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention." *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause." The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (citing *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

> The Seventh Circuit construed the savings clause in *In re Davenport* holding:
>
> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136. Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously

3

unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown*, 719 F.3d at 586; *see also Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions).

The savings clause of § 2255(e) does not give Mr. Creighton the opportunity to pursue relief under § 2241. Mr. Creighton fails to present anything new in his habeas petition, and he does not identify any new case of statutory interpretation that creates a new rule that was previously unavailable and that applies retroactively. So his claims fail to meet the criteria necessary to proceed under § 2241. Although Mr. Creighton appears to argue that he should be entitled to proceed because his § 2255 motion was denied on procedural grounds, dkt. 1 at 3, "something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136. "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770, 770 (7th Cir. 2000). Mr. Creighton had that opportunity and used it. He is not entitled to more.

### III.
### Conclusion

Based on the foregoing, Mr. Creighton has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied and this action is dismissed**. *See McFarland*, 512 U.S. at 856 ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 1/17/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JEROME CREIGHTON
14570-045
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808